

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

November 13, 1984

Mr. Bill Hale
Executive Director
Texas Commission on Human Rights
P. O. Box 13493, Capitol Station
Austin, Texas    78711

Opinion No. JM-228

Re: Authority of a local human
relations commission to file
suit under section 4.03(5) of
article 5221k, V.T.C.S.

Dear Mr. Hale:

You request clarification of the source of a local human rights
commission's authority to file employment discrimination actions.
Specifically, you ask whether a local commission may file civil
actions pursuant to section 4.03(5) of the Texas Commission on Human
Rights Act, V.T.C.S. art. 5221k, without a local ordinance authorizing
such action. We conclude that once a local commission is created
pursuant to section 4.02 of the act, the local commission is
authorized by section 4.03(5) of the act to file civil actions as
specified in section 4.03(5), which is controlled by section 4.04(a).
No local ordinance is necessary. This does not, however, prevent a
political subdivision from either adopting and enforcing an ordinance
pursuant to section 4.01 or delegating to its local commission the
power to enforce its ordinance.

As a preliminary matter, when a political subdivision has no
direct interest in a particular claim and, consequently, no standing,
it also lacks standing to act in the public interest. City of
Jefferson v. Railroad Commission, 453 S.W.2d 906, 908 (Tex. Civ. App.
- Austin 1970, writ ref'd n.r.e.); Hidalgo County Water Improvement
District No. 2 v. Cameron County Water Control & Improvement District
No. 5, 253 S.W.2d 294, 300 (Tex. Civ. App. - San Antonio 1952, writ
ref'd n.r.e.) (political subdivision may be class representative in
suit relating to the function of the political subdivision). The
legislature may place the authority to represent the public by filing
suit where it chooses, so long as it does so constitutionally. The
question of who may maintain an action is a matter of law and is not
subject to the control of the parties. Fieldton Co-operative Gin v.
Wright, 259 S.W.2d 603, 605 (Tex. Civ. App. - Amarillo 1953, no writ).
Thus, a political subdivision may confer upon itself or upon its
delegatee the authority to assert another individual's or entity's
cause of action only as specified by law.

In addition to the jurisdiction of the state commission, article
5221k provides for two local methods of effecting its purposes:  one

by the political subdivision itself and the other through a local commission. Section 4.01 indicates that

> [a] political subdivision <u>may adopt and enforce an ordinance</u> that prohibits practices designated as unlawful under this Act, or otherwise declared unlawful under federal or state law. (Emphasis added).

Section 4.02 provides for local commissions in part as follows:

> A political subdivision or two or more political subdivisions acting jointly <u>may</u> create a local commission to promote the purposes of this Act. . . . (Emphasis added).

Both of these provisions are permissive; thus, a political subdivision need not enact and enforce employment discrimination ordinances and need not create a local human rights commission which would promote the purposes of article 5221k on the local level. No local action is necessary for enforcement of article 5221k on the local level <u>by the state commission</u> absent these actions. A political subdivision may delegate the authority to enforce its own section 4.01 ordinance; however, once a political subdivision creates a local human rights commission pursuant to this statute, which specifically authorizes certain powers, the local commission has at least the powers authorized <u>by the statute.</u> <u>See</u> Attorney General Opinion H-753 (1975); <u>see also</u> Attorney General Opinions H-1092 (1977); H-619 (1975).

Section 4.01 is a provision which emphasizes that a political subdivision is not preempted from preventing employment discrimination and which grants authority to prevent local discrimination by enforcement of a local ordinance which may or may not duplicate article 5221k. Generally, local regulation that is ancillary to and in harmony with the general scope and purpose of state enactments is acceptable. <u>City of Brookside Village v. Comeau</u>, 633 S.W.2d 790, (Tex. 1982) <u>cert. denied</u>, 459 U.S. 1087 (1982). Article 5221k specifically authorizes local ordinances; nothing in article 5221k prohibits a political subdivision from delegating the power to enforce its ordinances to its local commission.

Section 4.02 is an <u>independent</u> provision, with regulation by local commissions guided by the provisions of article 5221k rather than by the provisions of a local ordinance. Therefore, a local commission created pursuant to section 4.02 has the authority to file certain civil actions to enforce article 5221k, as directly granted by section 4.03(5) of the act. Section 4.03(5) grants local commissions the power

> to receive, investigate, seek to conciliate, and pass on complaints alleging violations of this Act, <u>and file civil actions to effectuate the purposes of this Act if the federal government or state commission has referred the complaint to the commission or has deferred jurisdiction over the subject matter of the complaint to the commission.</u> . . . (Emphasis added).

A local human rights commission may file civil actions in these instances, as further controlled by section 4.04(a), without separate authorization by local ordinance.

## S U M M A R Y

The authority of a local human rights commission, created pursuant to section 4.02 of article 5221k, to file civil actions pursuant to section 4.03(5) is not contingent upon enactment of a local ordinance. Nevertheless, a political subdivision may adopt and enforce a local ordinance pursuant to section 4.01, and nothing in article 5221k prohibits a political subdivision from delegating to its local commission the power to enforce the ordinance.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton